Travis **HANEY**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 09–CO–1100.

District of Columbia Court of Appeals.

Filed July 1, 2010.

47.  D.C.Code § 16–2301(31).

Ian A. Williams, Washington, DC, appointed by this court, was on Appellant's Motion for Summary Reversal.

Channing D. Phillips, United States Attorney at the time the motion was filed, and Suzanne C. Nyland, Roy W. McLeese III, and Chrisellen R. Kolb, Assistant United States Attorneys, were on Appellee's Motion for Summary Affirmance.

Before KRAMER and BLACKBURNE–RIGSBY, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM.

■ This case presents the question of whether administrative discipline imposed by a penal institution pursuant to its administrative process is a punishment for double jeopardy purposes such that it should preclude the government from proceeding with a criminal prosecution based upon the same conduct. Although other courts have addressed this issue, this court has not. We now specifically hold that the administrative discipline administered by the District of Columbia Department of Corrections does not bar subsequent prosecution for the same offense under the Double Jeopardy Clause.

■ While being held at the District of Columbia Jail pending trial in another matter, appellant Travis Haney threw a lotion bottle at a corrections officer's head, later threw a bottle of liquid that smelled like urine at another officer, and then later threw feces at another officer. As a result, the District of Columbia Department of Corrections imposed disciplinary segregation for sixty days and revoked appellant's privileges for sixty days. The government subsequently filed a criminal information charging appellant with three counts of assaulting a corrections officer based on those same incidents. Appellant filed a motion to dismiss, asserting that the Double Jeopardy Clause bars his criminal prosecution because he has already been punished for those incidents.[1] The trial court denied the motion, finding that the administrative discipline was not punishment for double jeopardy purposes. On September 3, 2009, appellant noted an appeal,[2] and both parties have filed motions for summary disposition.

The Fifth Amendment's Double Jeopardy Clause provides that no person shall

---

1. At the time the hearing on the motion to dismiss was held, a fourth count of assaulting a corrections officer had been charged and was consolidated in the decision to deny the motion.

2. The denial of a motion to dismiss based on double jeopardy grounds is immediately appealable and is expedited on appeal. *See Johnson v. United States*, 619 A.2d 1183, 1184 n. 1 (D.C.1993).

"be subject for the same offense to be twice put in jeopardy of life or limb." But in *Hudson v. United States*,[3] the Supreme Court held that the Double Jeopardy Clause does not bar criminal prosecution following the imposition of an administrative or civil penalty. To determine whether a penalty is civil or criminal in nature, the Supreme Court requires an analysis of the regulation at issue, with a particular focus on whether the adopting agency intended the penalty to be civil or criminal. And then, even if the penalty was intended to be civil, courts must determine whether the penalty is "so punitive in either purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty."[4]

We hold that the regulations in question here[5] serve the purpose of regulating inmate behavior and maintaining order. These regulations expressly contemplate that administrative discipline may be imposed even if an inmate's conduct is also referred for criminal prosecution.[6] Consequently, we hold that these disciplinary regulations have a civil intent.[7]

Next, the court must examine whether the discipline imposed is punitive in purpose or effect. Appellant argues that his subsequent criminal prosecution is barred by *Hudson*.[8] We note that *Hudson* provides a framework for this analysis, but it is also important to note that the factual scenario presented in *Hudson* is quite different from the situation of an incarcerated individual. In reviewing how other courts have employed the *Hudson* factors in similar situations, we find their analysis persuasive.[9]

Although appellant argues that each of the *Hudson* factors must be considered equally, federal circuits have held that most of the *Hudson* factors cannot be weighed equally in cases involving inmates because of the special circumstances inherent in a jail setting. These courts have concluded that discipline imposed by penal institutions is remedial and thus civil in nature. Specifically, in a prison situation, remedial and punitive interests are inextricably intertwined and any form of sanction may seem punitive even where the discipline is remedial.[10] We are persuaded by the reasoning in these decisions, and thus hold that the administrative discipline imposed in this case was not punitive in effect or purpose. Accordingly, we reject appellant's contention that the Double

3. 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997).

4. *Id.* at 99, 118 S.Ct. 488.

5. 28 DCMR §§ 500–505 (1981) (governing the Department of Corrections' disciplinary actions for violations of the standards of inmate behavior).

6. 28 DCMR § 500.5.

7. *See In re W.M.*, 851 A.2d 431, 440 (D.C. 2004) (In a civil context, intent relates to a non-punitive purpose, whereas in a criminal context, the purpose is punishment.).

8. *Hudson* considers the following factors: (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has been historically regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment—retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned. *Hudson, supra* note 3, 522 U.S. at 99, 118 S.Ct. 488.

9. *See, e.g., Porter v. Coughlin*, 421 F.3d 141 (2d Cir.2005); *United States v. Mayes*, 158 F.3d 1215 (11th Cir.1998).

10. *See Porter, supra* note 9, 421 F.3d at 148; *Mayes, supra* note 9, 158 F.3d at 1223.

Jeopardy Clause precludes the government from prosecuting appellant for these same incidents.

Appellee's motion for summary affirmance is granted, and appellant's motion for summary reversal is denied.

*So ordered.*